**Sara Jane ELLIOT**

v.

**Samuel ELLIOT.**

Supreme Judicial Court of Maine.

Argued June 8, 1981.

Decided June 30, 1981.

Anne Pilsbury (orally), Norway, for plaintiff.

Berman, Simmons, Laskoff & Goldberg, P. A., Jack H. Simmons, John E. Sedgewick (orally), Lewiston, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, ROBERTS and CARTER, JJ.

McKUSICK, Chief Justice.

The Elliots were divorced in District Court (South Paris) on November 2, 1979. The divorce judgment, by their agreement, awarded the plaintiff-wife, among other things, "the balance in the parties' joint checking account at Norway National Bank." Soon after entry of the judgment, the wife discovered that the account had a negative balance in the amount of $1,710.14. The wife brought a motion seeking an order holding defendant in contempt of court for failure to comply with the divorce judgment. After hearing, the District Court denied her contempt motion. The Superior Court (Oxford County) affirmed, and we do also.

■ At the outset, the husband makes two jurisdictional objections. First, he argues that the District Court did not have subject matter jurisdiction of the action in that the wife failed to complain "under oath" as required for the initiation of a contempt action under 14 M.R.S.A. § 252.[1] As this court stated in *Yoder v. County of Cumberland*, Me., 278 A.2d 379 (1971), section 252 does not provide the only source of authority for a court to enforce its orders through the contempt processes:

> The language of 14 M.R.S.A. § 252 is without design, however, to delineate *exclusive or exhaustive* compass of the *inherent* contempt powers of a court. Neither does it impose *substantive* limitations upon the existence of such inherent contempt powers in relation to a process, decree or order of a court by whatever name labelled . . . .

*Id.* at 390. (Emphasis in original) The judgment awarding the joint checking account to the wife was a disposition of property pursuant to 19 M.R.S.A. § 722–A (1981).[2]

---

1. 14 M.R.S.A. § 252 (1981) states in pertinent part:

    **§ 252. Summary process where decree disobeyed; contempt**

    Whenever a party complains in writing and under oath that the process, decree or order of court, which is not for the payment of money only, has been disregarded or disobeyed by any person, summary process shall issue by order of any justice, requiring such person to appear on a day certain and show cause why he should not be adjudged guilty of contempt.

2. Although 19 M.R.S.A. § 722 (1981) and *id.* § 772, without more, could be read to make contempt under 14 M.R.S.A. § 252 the exclusive way of invoking the court's contempt powers to enforce a "decree of alimony, support or

The inherent contempt powers of the divorce court were available for its enforcement.[3]

■ The husband also claims that the District Court never gained personal jurisdiction over him for purposes of adjudicating the wife's motion for a contempt order because her motion was served only upon his attorney, and not served upon the husband himself as required by M.R.Civ.P. 80(j).[4] That argument overlooks the fact that a post-judgment motion is not original process, and that a court has continuing jurisdiction over the parties to enforce any judgment entered against a defendant over whom personal jurisdiction had been obtained. The argument also does violence to the principle declared in D.C.Civ.R. 82 that the rules are "not to be construed to extend or limit the jurisdiction of the District Court." Except in divorce actions, post-judgment motions are served upon the attorney, usually by ordinary mail. *See* M.R.Civ.P. 5(b). As a matter of procedure, not jurisdiction, M.R.Civ.P. 80(j) requires service on the party himself of motions to modify or enforce a divorce judgment, in order to avoid a practical problem in attorney-client relations. The addition of Rule 80(j) to the original rule was explained in 2 Field, McKusick & Wroth, *Maine Civil Practice* 270 (2d ed. 1970), as follows:

> Such motions are often brought several years after the judgment, and service upon the attorney of record in the original proceeding imposes an undue burden upon the attorney who may have long been out of touch with the party.

costs," 19 M.R.S.A. § 774(6) permits use alternatively of "[a]ny other method of enforcement that may be used in a civil action."

**3.** The case relied upon by the husband, *Cushman Co. v. Mackesy*, 135 Me. 490, 200 A.2d 505 (1938), was brought under section 252 and is no authority for requiring an oath on the motion invoking the court's inherent powers of contempt. We reject any intimations to the contrary in the opinion in *Cushman.*

**4.** M.R.Civ.P. 80(j), made applicable in the District Court by D.C.Civ.R. 80, provides as follows:

In the case at bar, a procedural default did occur, but it was harmless in that the motion was brought promptly after judgment, the husband in fact knew about it, and at the hearing on the motion he participated both through his attorney and as a witness. The whole purpose of Rule 80(j) of assuring that defendant had actual notice of the contempt motion was effectuated.

■ The District Court denied plaintiff's contempt motion because defendant had not *after* entry of judgment committed any act in violation of the court's order. While it is true that defendant caused the overdraft by writing several checks against the joint account before entry of the court's judgment, plaintiff elected to seek enforcement by contempt of the divorce judgment as it was entered. Plaintiff sought no modification of the divorce judgment to reflect what she asserts was the understanding of the parties that the bank account had a positive balance of $1,504. Rather she contends, with some lack of logic, that the judgment should be construed to require her former husband merely to cover the overdraft, *i. e.*, to bring the account's balance to zero. It is the intent of the court, not the intent of the parties, that is involved in construing the divorce judgment. *See Torrey v. Torrey*, Me., 415 A.2d 1092, 1094 (1980). The District Court was entirely correct in finding no basis for holding the husband in contempt of the order as written.

The entry shall be:

Judgment affirmed.

All concurring.

**Motions after Judgment.** Any proceedings for modification or enforcement of the judgment in an action for divorce shall be on motion, a copy of which together with notice of hearing thereof shall be served upon the party himself, whether he be within the state or not, either (i) by delivery in hand or (ii) by registered or certified mail, with restricted delivery and return receipt requested. The court, on motion upon a showing that service cannot with due diligence be made by either of the methods prescribed above, may order service by ordinary mail or by publication or both.