Joan A. BAKER

v.

Charles B. BAKER, Jr.

Supreme Judicial Court of Maine.

Argued Sept. 11, 1984.

Decided Nov. 1, 1984.

Skelton, Taintor, Abbott & Orestis, Jill A. Checkoway, Charles H. Abbott, Lewiston, for plaintiff.

Bumgardner, Field & Patterson, Dennis Patterson (orally), Brunswick, for defendant.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, WATHEN, GLASSMAN, and SCOLNIK, JJ.

GLASSMAN, Justice.

The defendant, Charles B. Baker, Jr., appeals from a judgment of the Superior Court, Cumberland County, affirming the judgment of the District Court and awarding the plaintiff attorney's fees. We affirm the judgment except as to the attorney's fees.

Joan Baker was divorced from her husband Charles Baker on September 21, 1973. The District Court judgment ordered the defendant, *inter alia*, to pay Joan Baker $1,200 a month as alimony, payable on the first day of each month until her death or remarriage; and to maintain $100,000 of life insurance on his life for her benefit so long as the defendant has outstanding alimony obligations to her with evidence provided to her annually of payment of the premiums.

On August 16, 1979, the defendant filed a motion for modification of the divorce judgment requesting termination of his alimony obligations. There followed a relatively extensive period of discovery. On June 1, 1982, the defendant filed a notice of dismissal of his motion.

Joan Baker then filed a motion for enforcement of the judgment. The court allowed the plaintiff to amend her motion to include a prayer for past due installments of alimony and attorney's fees. The defendant secured a dismissal of the plaintiff's amended complaint for lack of personal jurisdiction of the defendant.

The plaintiff's later motion for enforcement of the divorce judgment was again

ordered dismissed for want of personal jurisdiction, after hearing on March 25, 1983, of the defendant's motion to dismiss. Simultaneously, the court granted the plaintiff's oral motion for alternative service on the defendant of the plaintiff's refiled motion for enforcement and scheduled it for hearing. The court ordered that, if after a diligent effort by the plaintiff personal service of the defendant could not be effected, the defendant could be served by publication of notice, by certified mail to the defendant's last known California address, and by ordinary mail to California counsel with a specific request that it be forwarded to the defendant. At the hearing, the defendant again moved to dismiss the plaintiff's motion for lack of jurisdiction of the defendant. The court entered its order finding that the plaintiff had complied with the March 25, 1983, order, denied the defendant's motion to dismiss, and set the plaintiff's motion for hearing on its merits. Following a June 21, 1983, hearing on the plaintiff's motion, the court entered a judgment for the plaintiff.

On appeal to the Superior Court, the defendant argued that the District Court had erroneously granted the plaintiff's motion for alternative service of the plaintiff's post-judgment motion for enforcement of the divorce judgment. The Superior Court affirmed the judgment of the District Court and awarded the plaintiff attorney's fees. The defendant appeals from this judgment.

The defendant concedes that his substantial rights were not affected, but argues that the District Court erred in permitting concurrent proof of due diligence in attempting to effect personal service and of publication of service upon the defendant. M.R.Civ.P. 80(j) governs service of process in post-judgment divorce proceedings.[1] The defendant asserts that service by publication is available only after compliance with the conditions of M.R.Civ.P. 4(g)(1), made applicable in the District Court by M.D.C.Civ.R. 4, which Rule 80(j) incorporates by reference. M.R.Civ.P. 4(g)(1) provides:

> The court, on motion upon a showing that service cannot with due diligence be made by another prescribed method, shall order service by publication in an action described in subdivision (f) of this rule, unless a statute provides another method of notice, or when the person to be served is one described in subdivision (e) of this rule.

The defendant maintains there is nothing in the record to show the plaintiff attempted with due diligence to serve the defendant personally prior to the District Court's March 25, 1983, order and, therefore, any method of alternative service was improper. Service by publication is in order, the defendant asserts,

> [O]nly upon failure after using due diligence to get service by another prescribed method more likely to give actual notice to the Defendant, and then only upon Order of Court.

1 Field, McKusick & Wroth, *Maine Civil Practice* at 95 (2d ed. 1970). We disagree.

In *Elliot v. Elliot*, 431 A.2d 55, 57 (Me. 1981), we held that a "post-judgment motion is not original process, and that a court has continuing jurisdiction over the parties to enforce any judgment entered against a defendant over whom personal jurisdiction had been obtained." We further explained that the requirements of Rule 80(j) are not jurisdictional, but procedural, designed to assure the non-moving party of actual notice of any pending motion. *Id.* Moreover, we have noted the Rule's underlying intent to avoid the practical problem unique to post-divorce judgment motions.

---

1. M.R.Civ.P. 80(j), made applicable in the District Court by M.D.C.Civ.R. 80, provides:

    **Manner of Service on Divorce Motions.** Any proceedings for modification or enforcement of the judgment in an action for divorce shall be on motion, a copy of which together with notice of hearing thereof shall be served in accordance with Rule 4, except that service within the state shall be by delivery to the party personally unless otherwise ordered by the court.

Such motions are often brought several years after the judgment, and service upon the attorney of record in the original proceeding imposes an undue burden upon the attorney who may have long been out of touch with the party.

2 Field, McKusick & Wroth, *supra*, at 270. Rule 80(j) recognizes the possible inadequacy of service upon the original attorney of record to notify properly the affected parties. *Most v. Most*, 477 A.2d 250, 259 (Me. 1984).

■ The defendant's appeal addresses none of the concerns of Rule 80(j). The defendant does not allege the lack of actual notice or the impairment of any substantial right. Accordingly, we must view any procedural error in the District Court order as harmless under M.D.C.Civ.R. 61.[2] *Farrell v. Theriault*, 464 A.2d 188, 192 (Me.1983).

■ Finally, the defendant objects to the award by the Superior Court of the plaintiff's counsel fees on appeal. We have noted before that motions for attorney's fees on appeal properly lie in the hearing court on remand. *Prue v. Prue*, 420 A.2d 257, 260 (Me.1980). We agree that appropriate procedure here required the Superior Court to remand the case to the District Court for the purpose of entertaining the plaintiff's motion. *Id.* Accordingly, we vacate that portion of the judgment.

The entry is:

Judgment affirmed except as to attorney's fees.

Judgment awarding the plaintiff attorney's fees is vacated.

Remanded to the Superior Court for remand to the District Court for further proceedings consistent with the opinion herein.

All concurring.

2. M.D.C.Civ.R. 61 provides:
    No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for vacating, modifying or otherwise disturbing a

judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.