2003 ME 43

**Darlene COPP (f/k/a Darlene Liberty)**

v.

**Scott LIBERTY.**

Supreme Judicial Court of Maine.

Submitted On Briefs: Feb. 26, 2003.

Decided: March 31, 2003.

Lee H. Bals, Esq., Marcus, Clegg & Mistretta, P.A., Portland, for the appellant.

Jeffrey Bennett, Esq., Bennett Law Firm, Portland, for the appellee.

Panel: CLIFFORD, RUDMAN, ALEXANDER, CALKINS, and LEVY, JJ.

RUDMAN, J.

[¶ 1] Michael Liberty appeals from the order entered in the Superior Court (Cumberland County, *Cole, J.*) denying his motion seeking protection from being deposed and protection from further discovery by Darlene Copp. Liberty contends that the Superior Court did not have subject matter jurisdiction, pursuant to M.R. Civ. P. 69, to compel discovery against him. Copp asserts that the divorce court has continu-ing subject matter jurisdiction to entertain a post-judgment motion seeking enforcement or modification of a divorce decree. Copp further asserts that this proceeding is frivolous and requests appropriate sanctions. We agree that Copp may depose Liberty and perform further discovery of him, but we deny Copp's request for sanctions.

## I. BACKGROUND

[¶ 2] Darlene Copp filed a complaint for divorce against Scott Liberty and was granted a divorce. The divorce proceedings were procedurally and factually complex, resulting in the Superior Court (in its capacity as the divorce court) entering three separate judgments. Notably, the court made specific findings of fact that Scott Liberty committed acts of financial misconduct and fraud during the parties' marriage and while the parties' divorce proceedings were pending.

[¶ 3] The divorce court's final divorce decree allocated to Copp marital property that was, in the case of at least some of that property, in the possession of, or under the control of, Michael Liberty (Liberty)—Scott Liberty's uncle and employer. Copp attempted to locate and secure assets she had been allocated, including her interests in I3 Mobile, Inc., which she had held alone or jointly with Scott Liberty during their marriage. Copp made attempts to gather information about her I3 Mobile interests from Michael Liberty on a voluntary basis, but her efforts were fruitless.

[¶ 4] On January 17, 2002, Copp filed a M.R. Civ. P. 60(b) motion for relief from judgment based upon Scott Liberty's fraud and intentional misconduct. On January 22, 2002, Copp served Michael Liberty with a notice to take a deposition, dated January 8, 2002, along with a document

request list.[1]  Michael Liberty responded by filing a motion to quash, contending, *inter alia*, that there was no "pending action" and, therefore, the court had no authority to compel discovery.  The court denied Liberty's request.

[¶ 5] Copp began her discovery of Liberty by serving document request upon him, but Liberty was not completely forthcoming with information concerning marital property she had been allocated.  Copp was, however, able to trace her I3 Mobile interests to accounts at Deutsche Banc Alex. Brown, Inc. and at Smith Barney from information that was produced, but found the accounts had been liquidated.  On June 14, 2002, Michael Liberty filed a motion for protective order, once again seeking the court's protection from being deposed and from further discovery.  In his motion, Liberty contended the Superior Court lacked subject matter jurisdiction to compel his deposition.  Liberty contended that M.R. Civ. P. 69, which Copp cited as authority to depose him, required an active "proceeding" to be operative.  Liberty reasoned that since there was no active proceeding, Rule 69 was not operative and the Superior Court lacked the authority to compel his deposition and further

discovery.  Liberty also argued that Copp was exceeding the bounds of discovery contemplated by the previous court order.

■ [¶ 6] The court denied Liberty's request.  The court cited M.R. Civ. P. 80(k) and *Elliot v. Elliot*, 431 A.2d 55, 57 (Me. 1981) as support for Liberty's deposition and further discovery by Copp.  The court found: (1) Liberty was a material witness to a number of pending post-judgment motions; (2) he has been inextricably involved in the divorce and post-divorce matters; and (3) he likely had knowledge regarding various assets allocated to Copp by the divorce decree, including the disposition of Copp's interests in I3 Mobile.  Liberty, to date, has neither been deposed nor has he fully complied with Copp's document discovery request.  This appeal followed.[2]

## II.  DISCUSSION

■■ [¶ 7] The jurisdiction of a court is a matter of law that we review de novo. *Town of Carmel v. McSorley*, 2002 ME 33, ¶ 5, 791 A.2d 102, 105.  Although Liberty is correct in his contention that the court lacked jurisdiction under Rule 80(k), the court had jurisdiction to act under Rule 60(b) because all judgments, divorce or otherwise, are entered subject to Rule 60(b).  *See* M.R. Civ. P. 60(b).[3]

---

1.  We take this opportunity to identify a procedural error in Copp's Rule 60(b) motion: the notice to take oral deposition was prepared prior to the Rule 60(b) motion it supports.  Copp's notice to take oral deposition of Liberty was dated January 8, 2002, and her Rule 60(b) motion was filed January 17, 2002.  Copp's notice to take oral deposition was served upon Liberty on January 22, 2002, after her Rule 60(b) motion was filed.  We find this error harmless because the notice was served after the Rule 60(b) motion was filed and the error does not affect Liberty's substantial rights.  M.R. Civ. P. 61.

2.  Although the Superior Court and the parties did not raise the issue, Liberty's appeal is interlocutory.  This appeal, however, falls into the death knell exception to the final judgment rule because this action represents

an instance when substantial rights of a party could be irreparably lost—preventing disclosure of private personal financial information—if review is delayed until final judgment.  *See Moffett v. City of Portland*, 400 A.2d 340, 343 n. 8 (Me.1979).

3.  Rule 60(b) provides, in part:

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.**  On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated in-

[¶ 8] Thus, a decree's division of marital property may be modified with a post-judgment motion for relief pursuant to Rule 60(b). *Wardwell v. Wardwell*, 458 A.2d 750, 752 (Me.1983); *Merrill v. Merrill*, 449 A.2d 1120, 1125 (Me.1982); *Cyr v. Cyr*, 469 A.2d 836, 839 (Me.1983). Rule 60(b) permits the court, on motion, to relieve a party from a final judgment for any of the six articulated reasons. *Merrill*, 449 A.2d at 1125. In particular, if a party seeks relief from judgment under subsection (b)(3), then facts must be claimed that would suggest fraud, misrepresentation, or misconduct has taken place that invalidates the original judgment. *Id.* The party seeking relief from judgment pursuant to Rule 60(b) bears the burden of proving that the judgment should be set aside. *KeyBank Nat'l Ass'n v. Sargent*, 2000 ME 153, ¶ 13, 758 A.2d 528, 533.

[¶ 9] Here, Copp has alleged that her interests in I3 Mobile have been liquidated and converted, which, if true, means the assets have changed form. A court order that allows Copp to pursue the proceeds of the liquidated stocks alters the divorce decree by substituting assets, resulting in a de facto modification of the divorce decree's property division. *See Wardwell*, 458 A.2d at 752. The court must have jurisdiction to modify a divorce decree's property division post-judgment, *Cyr*, 469 A.2d at 839, and regains such jurisdiction only by operation of Rule 60(b), *see Merrill*, 449 A.2d at 1125.

[¶ 10] Copp has filed a Rule 60(b) motion asserting Scott Liberty's fraud and misconduct, which the Superior Court has yet to act upon. Copp has the burden of proving the divorce decree should be set aside due to Scott Liberty's fraud and misconduct. *See KeyBank Nat'l Ass'n*, 2000 ME 153, ¶ 13, 758 A.2d at 533. To carry her burden of proof with respect to the Rule 60(b) motion, and to support her other motions, Copp requested Michael Liberty's deposition and further discovery to obtain information that may substantiate her allegation that Scott Liberty committed fraud or misconduct to deny receipt of property allocated to her. The Superior Court found that Michael Liberty is a likely source of knowledge regarding various marital assets allocated to Copp, including her I3 Mobile interests. Liberty did not contest this finding. Without Michael Liberty's deposition, therefore, Copp would be denied a likely source of information to support her Rule 60(b) motion.

[¶ 11] Moreover, the Superior Court's determination that Michael Liberty's deposition was necessary before it decided upon Copp's Rule 60(b) motion and other motions was reasonable, given the convoluted factual context from which this appeal arises.[4] The Superior Court's decision is further supported by the prior findings of the divorce court: Scott Liberty has committed financial misconduct and fraud during the marriage and the divorce proceedings, and Michael Liberty is the person most likely to have knowledge of

trinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than

one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

4. The parties have collectively filed thirty post-judgment motions. Additionally, Scott Liberty has filed a petition for protection under Chapter 13 of the Bankruptcy Code, and Michael Liberty has filed a civil suit against Copp.

Scott's misconduct and fraud. Copp's request to depose Michael Liberty supports her Rule 60(b) motion and aids the court's determination of other post-judgment motions. The court, consequently, did not err by directing Michael Liberty's deposition prior to acting on Copp's Rule 60(b) motion.

[¶ 12] The remaining issue concerns whether sanctions are appropriate. Sanctions for an abuse of process by parties or counsel should be imposed only when the abuse is clear. *Chiappetta v. LeBlond,* 544 A.2d 759, 761 (Me.1988) (citing *Westbrook v. Wallace,* 478 A.2d 687, 689–90 (Me. 1984)). Because Michael Liberty's jurisdictional challenge is colorable, sanctions are inappropriate. *See id.*

The entry is:

The order of the Superior Court denying a protective order is affirmed. Appellee's request for sanctions is denied.