2004 ME 64

**Catherine GREENWALD**

v.

**Heath GREENWALD.**

Supreme Judicial Court of Maine.

Submitted on Briefs: March 24, 2004.

Decided: May 10, 2004.

Catherine A. Greenwald, Livermore Falls, for plaintiff.

Heath W. Greenwald, Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and LEVY, JJ.

RUDMAN, J.

[¶ 1] Heath Greenwald appeals from a divorce judgment entered in the District Court (Livermore Falls, *McElwee, J.*). Heath contends that, because he did not receive notice of the final hearing, it was error for the District Court to proceed to a final hearing in his absence. We agree, and vacate the divorce judgment.

## I. BACKGROUND

[¶ 2] Catherine Greenwald and Heath Greenwald were married on October 3, 1995, and they have two children, ages three and five. Catherine filed her complaint for divorce on September 8, 2003. Heath did not file a responsive pleading, but signed an acknowledgement of receipt of the summons and complaint on September 5, 2003. By notice dated September 17, 2003, the parties were notified of a case management conference scheduled for October 9, 2003.

[¶ 3] On October 8, 2003, Heath requested in writing that the case management conference be rescheduled for a later date. The case management officer granted his request and continued the conference to November 13, 2003. On October 9, Catherine arrived at the courthouse to attend the case management conference where she then learned that it had been continued. She submitted a written objection to the continuance, seeking a conference with a case management officer that day. The same case management officer noted the objection, saying that the continuance was "still granted—over objection." On October 17, 2003, Catherine submitted a written request for a judge to decide "interim parental rights and responsibilities."

[¶ 4] By notice dated October 24, 2003, the parties were notified of a case management conference scheduled for November 5, 2003. According to Heath, who, at that time, was being held in the Androscoggin County jail, he did not receive written notice of the scheduled conference. Without written notification, he was unable to arrange transportation with the jail and was therefore unable to attend the scheduled initial case management conference.

[¶ 5] On November 5, 2003, the court did not hold the scheduled initial case management conference. Instead, the court held a final hearing on the matter, *ex parte*, and granted Catherine a divorce awarding her (1) sole parental rights and responsibilities, and primary physical residence of the two minor children; (2) the house; (3) all personal property in the house, except a certain "coffee table ornament"; and (4) ordering Heath to pay weekly child support payments of sixty-one dollars.

## II. DISCUSSION

[¶ 6] A defendant in a divorce action who has made an appearance is entitled to notice prior to the final hearing, *Watson–Maddocks v. Maddocks*, 676 A.2d 937, 939 (Me.1996), and is entitled to be heard at the final hearing. *Wambold v. Wambold*, 651 A.2d 330, 335 (Me.1994). This is so even when the defendant has not filed an answer. *Id.;* M.R. Civ. P. 80(f).

[¶ 7] The record indicates that the court sent Heath a written notice of a case management conference, but it is clear that the court gave him no prior notice of the final hearing. It is likewise clear that Heath was not given an opportunity to be heard at the final hearing. The question, then, is whether Heath made an appearance before the final hearing.

[¶ 8] "An appearance in its common and particular use signifies an overt act by which a person against whom suit has been commenced submits himself to the jurisdiction of the court . . . ." 6 C.J.S. *Appearances* § 2 (1975). "Broadly stated, any action on the part of defendant, . . . which recognizes the case as in court, will constitute a general appearance." *Id.* § 19. For example, a defendant makes an appearance by making a written request of the court to take a particular action. *See id.*

[¶ 9] The rules for the Family Division of the District Court allow the parties to a divorce action to request that a case management conference be rescheduled, provided that the request is made in writing. M.R. Fam. Div. III(A)(4). On October 8, 2003, Heath requested in writing that the case management conference be continued to a later date. The case management officer granted his request. By requesting, in writing, that the court reschedule the case management conference, Heath recognized that the case was in court and he submitted himself to the court's jurisdiction. In short, Heath made a written appearance.

[¶ 10] Accordingly, he was entitled to notice of the final hearing and further entitled to an opportunity to be heard at the final hearing. The failure of the trial court to provide Heath with both notice and an opportunity to be heard at the hearing on the divorce constitutes error.

The entry is:

Judgment vacated. Remanded to the District Court for proceedings consistent with this opinion.