2004 ME 84

**Robert WELCH et al.**

v.

**STATE of Maine**

Supreme Judicial Court of Maine.

Argued: May 12, 2004.

Decided: July 2, 2004.

Andrew W. Sparks (orally), Drummond & Drummond, L.L.P., Portland, for plaintiffs.

G. Steven Rowe, Attorney General, Lucinda E. White, Asst. Dist. Atty. (orally), Augusta, for State.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, and LEVY, JJ.*

RUDMAN, J.

[¶ 1] Robert and Janet Welch, and Sara Montgomery (the Welches) appeal from a summary judgment entered in the Superior Court (Cumberland County, *Warren, J.*) in favor of the State of Maine on the Welches' declaratory judgment action seeking a declaration that their property enjoys the benefit of an easement across certain property owned by the State. The Welches contend that sovereign immunity does not bar a quiet title action from pro-

ceeding against the State. We agree and vacate the judgment.

## I. BACKGROUND

[¶ 2] The Welches own a parcel of real estate in Rangeley with shore frontage on Rangeley Lake. The parcel is otherwise surrounded by land that is owned by the State and maintained as Rangeley Lake State Park. The Welches filed a declaratory judgment action seeking to establish that their parcel enjoys the benefit of an easement to the nearest public way across the land owned by the State. The State answered and filed a motion for a summary judgment, which the trial court granted on the ground that the doctrine of sovereign immunity barred quiet title actions against the State.

## II. DISCUSSION

### A. *Cushing v. Cohen*

[¶ 3] The trial court relied on our decision in *Cushing v. Cohen,* 420 A.2d 919 (Me.1980), for the proposition that the doctrine of sovereign immunity operates as an absolute bar to lawsuits involving land to which the State holds title in its sovereign capacity. We take this opportunity to again clarify our holding in *Cushing*.[1]

[¶ 4] *Cushing* involved a lawsuit against several named agents of the State, but did not name the State of Maine as a defendant. *Id.* at 922. The trial court relied on language from *Cushing* that spoke not to whether sovereign immunity bars the action, but to whether "the real party in

---

* Although not available at oral argument, Justice Clifford participated in this opinion. *See* M.R.App. P. 12(a) (stating that a "qualified justice may participate in a decision even though not present at oral argument").

1. Previously, in *Bell v. Town of Wells,* 510 A.2d 509 (Me.1986), we similarly clarified the holding in *Cushing*: "[T]he precise holding of

*Cushing* was that when the State is a real party in interest, the *potential* applicability of sovereign immunity may not be avoided by camouflaging the action as one against state officials." *Id.* at 519 n. 19 (emphasis added). Indeed, we expressly stated "that *Cushing* did *not* hold that sovereign immunity bars a quiet title action." *Id.*

interest ... is the State of Maine as sovereign." *Id.* at 923. In fact, despite concluding that the State held title to the land in its capacity as sovereign, we did *not* bar the suit from proceeding against the State on sovereign immunity grounds. Rather, we remanded the case to the trial court in order that it may determine "whether the State of Maine is such an 'indispensable' party [pursuant to M.R. Civ. P. 19]." *Id.* at 928. We further directed that, "if so, [the trial court] shall make a formal order which will *assure that the State of Maine is made a party to the action, thereby to be bound by any judgment entered.*" *Id.* (emphasis added). Rather than determine that sovereign immunity barred the claim against the State, we simply recognized the "plaintiffs' tactic of camouflaging the action" by suing state officials in order to avoid having to address "the applicability of sovereign immunity as a bar," *id.* at 923, and specifically left it to the trial court to "decide whether or not the action of plaintiffs must be dismissed because maintenance of it is precluded by sovereign immunity,"[2] *id.* at 928.

[¶ 5] We reiterate that *Cushing* does not stand for the proposition that the doctrine of sovereign immunity bars a lawsuit involving state-owned land from proceeding against the State. *See Bell v. Town of Wells*, 510 A.2d 509, 519 n. 19 (Me.1986)

("We note that *Cushing* did *not* hold that sovereign immunity bars a quiet title action."). Thus, we have not before answered whether sovereign immunity prohibits our courts from resolving disputes over property in which the State holds title. We turn to that question now.

### B. Sovereign Immunity and Quiet Title Actions

■ [¶ 6] An action to quiet title does not ask the courts to compel the Legislature or the Governor to do anything.[3] It is not a claim seeking monetary damages to be paid out from the State's treasury. A quiet title action asks only that a court decide the relative rights of the private claimant and the State regarding ownership of some specific property interests. *Brosseau v. N.M. State Highway Dep't*, 92 N.M. 328, 587 P.2d 1339, 1342 (1978); *O'Neill v. State Highway Dep't*, 50 N.J. 307, 235 A.2d 1, 6 (1967).

■ [¶ 7] The case before us now implicates none of the modern day considerations that would justify the State's invocation of sovereign immunity. The State maintains the disputed land as a park. Maintaining a park, while certainly worthwhile, is more a proprietary activity than a governmental activity. Allowing the Welches to ask the courts to settle their dispute over a portion of the park land

2. It is worth noting that, on remand, the trial court in *Cushing* ordered that the State be joined as an indispensable party, and then concluded that sovereign immunity did *not* bar the action from proceeding against the State. On the subsequent appeal, the issue of sovereign immunity became moot due to a Resolve of the Legislature that had been approved in the meantime, waiving any sovereign immunity that may apply to the particular lawsuit. *Cushing v. State*, 434 A.2d 486, 488–89 (Me.1981).

3. Although procedurally there are differences between quiet title actions brought pursuant to 14 M.R.S.A. §§ 6651–6662 (2003), and de-

claratory judgment actions brought pursuant to 14 M.R.S.A. §§ 5951–5963 (2003), a declaratory judgment action is a valid means of bringing what is functionally, a quiet title action. As we have said, "a declaratory judgment proceeding is 'a particularly efficacious method for quieting title to real property.' " *Bell*, 510 A.2d at 515 (quoting *Hodgdon v. Campbell*, 411 A.2d 667, 670 (Me.1980)); *Dowley v. Morency*, 1999 ME 137, ¶ 11 & n. 4, 737 A.2d 1061, 1066. Accordingly, our discussion of quiet title actions includes declaratory judgment actions brought for the purpose of determining rights in real property.

does not jeopardize any essential governmental function of the State.

[¶ 8] Moreover, the State is bound by the obligations and restraints imposed by the Constitution. To allow the State to assert sovereign immunity as a bar to quiet title actions brought in its own courts by private citizens would fly in the face of the constitutional protections and property rights of the people. As the Supreme Court said, "sovereign immunity ... does not confer upon the State a concomitant right to disregard the Constitution." *Alden v. Maine*, 527 U.S. 706, 754–55, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999).

[¶ 9] The Declaration of Rights in the Maine Constitution guarantees that the "people ... have certain natural, inherent and unalienable rights, among which are ... acquiring, possessing and protecting property," ME. CONST. art. I, § 1, that "[p]rivate property shall not be taken for public use without just compensation; nor unless the public exigencies require it," ME. CONST. art. I, § 21, and that "[n]o person shall be deprived of ... property without due process of law." ME. CONST. art. I, § 6–A. The U.S. Constitution protects similar rights of the people and imposes similar limitations on the states. U.S. CONST. amend. V; U.S. CONST. amend. XIV, § 1. These constitutional protections would lose considerable meaning if the doctrine of sovereign immunity prohibited the people from bringing quiet title actions to settle ownership disputes with the State.

[¶ 10] As we have said in the past, invoking the doctrine of sovereign immunity in a quiet title action "is illogical because it assumes the merits—the existence of the State's interest—in order to avoid litigating the merits ... [and] would represent a radical assault on the stability of title to real property within this State and

the availability of legal remedies to defend it." *Bell*, 510 A.2d at 518.

The entry is:

Judgment vacated. Remanded to the Superior Court for further proceedings consistent with this opinion.