STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-18-226

SUSAN COLUCCI,

        Plaintiff

v.

STEPHEN COLUCCI,
TRILLIUM PLACE
BUILDERS, LLC, and
TRILLIUM BUILDERS, INC.

        Defendants

ORDER ON PLAINTIFF'S MOTION FOR
RECONSIDERATION AND DEFENDANTS'
MOTION TO STRIKE

Before the court are plaintiff Susan Colucci's motion for reconsideration of the court's order granting defendants' motion to dismiss and defendant's motion to strike. For the following reasons, plaintiff's motion is denied and the court will not consider plaintiff's affidavit and attachments filed on January 28, 2019.

I.     Procedural Background

Plaintiff filed a motion for reconsideration on January 2, 2019. M.R. Civ. P. 7(b)(5). Defendants filed an opposition to the motion on January 22, 2019. Plaintiff did not file a reply to defendants' opposition. Instead, plaintiff filed "plaintiff's affidavit in support of her objection to motion to dismiss, plaintiff's motion to amend complaint and offer of proof and preservation of the record" on January 28, 2019. Plaintiff asks the court to vacate the court's dismissal of plaintiff's complaint, to amend the complaint, for a stay of the lawsuit pending resolution of the divorce proceedings, or for a dismissal without prejudice. Defendant asks the court to strike plaintiff's affidavit and attachments filed January 28, 2019.

REC'D CUMB CLERKS OFC
FEB 15 '19 PM3:03

1

II. Standard of Review

A motion for reconsideration "shall not be filed unless required to bring to the court's attention an error, omission or new material that could not previously have been presented." M.R. Civ. P. 7(b)(5). "Rule 7(b)(5) is intended to deter disappointed litigants from seeking to reargue points that were or could have been presented to the court on the underlying motion." Shaw v. Shaw, 2003 ME 153, ¶ 8, 839 A.2d 714 (quotation marks omitted).

III. Discussion

A. Motion for Reconsideration and to Amend

Plaintiff requests to amend her complaint, to stay this lawsuit, or to dismiss the complaint without prejudice are brought before the court for the first time with this motion for reconsideration. These requests could have been presented in earlier submissions, including in her opposition to defendants' motion to dismiss.

Plaintiff argues she had no opportunity to respond to the court's consideration of documents. (Pl.'s Mot. Reconsideration 1.) That issue was raised by defendants in their motion to dismiss. (Defs.' Mot. Dismiss 2 & n.1.)

Plaintiff states that defendant Colucci is concealing marital assets in nonmarital assets. The two business entity defendants in this lawsuit are included in the divorce proceeding financial assets and neither is owned by third parties. (Defs.' Ex. Financial Stmt.)

B. Plaintiff's Affidavit in Support of her Objection to Motion to Dismiss, Plaintiff's Motion to Amend Complaint and Offer of Proof and Preservation of the Record; Defendants' Motion to Strike Affidavit and Attachments

Plaintiff's filings include her eighteen-page affidavit and 92 exhibits but no memorandum of law. Defendants filed a motion to strike the affidavit and attachments on February 6, 2019.

Plaintiff's objection to defendants' motion to dismiss was due October 3, 2018. The court's order on the motion to dismiss was filed on December 20, 2018.[1]

Plaintiff included a motion to amend the complaint in the motion for reconsideration filed January 2, 2019. Defendants filed their opposition on January 22, 2019. Plaintiff's reply "shall be strictly confined to replying to new matter raised on the opposing memorandum." M.R. Civ. P. 7(e). Although defendants argued that plaintiff "does not explain how she would amend the Complaint," fairness dictates that the explanation for amending the complaint should be filed with the original motion for reconsideration and to amend, along with a proposed amended complaint. See Bickford v. Onslow Mem'l Hosp. Found., Inc., 2004 ME 111, ¶ 7 n.1, 855 A.2d 1150 ("A party may not, however, raise new issues in a reply memorandum."); (Defs.' Opp'n Mot. Dismiss 2.) In plaintiff's filings on January 28, 2019, she provided no explanation or legal analysis supporting the motion to amend and no proposed amended complaint.

A Rule 12(f) motion to strike applies to pleadings and not to motions. M.R. Civ. P. 12(f). The court considers defendants' motion to strike as an objection to plaintiff's filings. (Defs.' Mot. Strike 1.) The court will not consider plaintiff's affidavit and attachments filed on January 28, 2019.

Within twenty days of the date of this order, defendants' counsel may file an affidavit of attorneys' fees incurred in the review of plaintiffs' January 28, 2019 filings and the preparation of defendants' motion to strike. Defendants' counsel will include the information necessary to allow the court to determine a reasonable attorney's fee award. See M.R. Prof. Conduct 1.5; Nadeau v.

---

[1] Plaintiff's suggestion that the court may consider defendant's motion to dismiss as one for summary judgment comes too late. (Pl.'s Mot. 1.)

3

Nadeau, 2008 ME 147, ¶ 59, 957 A.2d 108; see also Coutin v. Young and Rubicam P.R., Inc., 124 F.3d 331, 337 (1st Cir. 1997).

The entry is

> Plaintiff's Motion to Reconsider, to Amend Complaint, to Stay, and to Dismiss without Prejudice is DENIED.

Date: February 14, 2019

Nancy Mills
Justice, Superior Court

Entered on the Docket: 2-15-19

4

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-18-226 ✓

SUSAN COLUCCI,

    Plaintiff

    v.

STEPHEN COLUCCI,
TRILLIUM PLACE
BUILDERS, LLC, and
TRILLIUM BUILDERS, INC.

    Defendants

ORDER ON DEFENDANT'S
MOTION to DISMISS

REC'D CUMB CLERKS OF
DEC 20 '18 PM12:17

Before the court is defendants Steven Colucci, Trillium Place Builders, LLC, and Trillium Builders, Inc.'s motion to dismiss plaintiff Susan Colucci's complaint. For the following reasons defendants' motion is granted.

I.    Background

Plaintiff and defendant Colucci were married in May of 2015 and were residents of Scarborough, Maine. (Compl. ¶¶ 1, 2, 6.) Plaintiff and defendant were equal shareholders of defendant corporation Trillium Place Builders, LLC. (Compl. ¶ 3.) In early April 2017, plaintiff was charged with domestic violence assault and was ordered to have no contact with defendant Colucci. (Compl. ¶¶ 8, 10(b).) On April 21, 2017, defendant Colucci incorporated a new company, Trillium Builders, Inc. (Compl. ¶¶ 4, 5, 8.) On October 19, 2017, a divorce action between plaintiff and defendant Colucci was filed in Cumberland County District Court, Docket No. FM-17-952. (Compl. ¶ 7.) Discovery in the divorce action has ended. (Status Conference Order filed 7/26/18.)

1

Plaintiff alleges that defendant Colucci used his control over the management of the jointly owned LLC, Trillium Place Builders, LLC, to transfer assets from that company to the company he incorporated in April of 2017, Trillium Builders, Inc. (Compl. ¶¶ 8, 10.) Plaintiff alleges that defendant also transferred his own assets to Trillium Builders, Inc. and uses Trillium Builders, Inc. to pay his personal expenses. (Compl. ¶ 10.)

In her complaint, plaintiff alleges four causes of action: (1) defendants made fraudulent transfers pursuant to the Uniform Fraudulent Transfer Act, (2) defendant Colucci violated his fiduciary duty to the plaintiff, (3) request for recovery of income from a joint tenant pursuant to 33 M.R.S. § 954 or 953, and (4) defendant Colucci violated the Maine Partnership Act.

## II. Discussion

### a. Superior Court Jurisdiction

Defendant argues that plaintiff's action is duplicative of the divorce proceeding pending between plaintiff and defendant Colucci. Colucci v. Colucci, CUMSC-FM-17-952 (Me. Super. Ct., Cum. Cty.) The District Court Family Division has exclusive subject matter jurisdiction over divorce proceedings, see 19-A M.R.S. § 103 (2016), and the Family Division has the ability to determine the spouses' ownership interests and to distribute marital property, see 19-A M.R.S. § 953 (2016); Howard v. Howard, 2010 ME 83, ¶ 11, 2 A.3d 318. The Family Division does not, however, have personal jurisdiction over individuals who are not parties in the divorce proceeding, see Howard, 2010 ME 83, ¶ 12, 2 A.3d 318, and joinder in Family Division cases "is only permitted with actions that could be brought independently in the Family Division or persons authorized to file or participate in a Family Division action." Howard, 2010 ME 83, ¶ 16, 2 A.3d 318; see also M.R. Civ. P. 111(a). Although plaintiff may not join Trillium Place Builders, LLC or Trillium Builders, Inc. as parties in the divorce action, she has listed them as marital assets in her financial

2

statement in the divorce action. See Moody v. State Liquor & Lottery Comm'n, 2004 ME 20, ¶ 10, 843 A.2d 43 (The court may consider "official public documents, documents that are central to plaintiff's claim, and documents referred to in the complaint, without converting a motion to dismiss into a motion for summary judgment when the authenticity of such documents is not challenged.") Any transactions involving these entities will be dealt with in the divorce action.

b. Defendant's Motion to Dismiss pursuant to M.R. Civ. P. 12(b)(6)

When reviewing a motion to dismiss pursuant to M.R. Civ. P. 12(b)(6), the court "examine[s] the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." In re Wage Payment Litig. v. Wal-Mart Stores, Inc., 2000 ME 162, ¶ 3, 759 A.2d 217. "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." Johanson v. Dunnington, 2001 ME 169, ¶ 5, 785 A.2d 1244. Generally, the court considers only the allegations in the complaint, which are accepted as true. Nadeau v. Frydrych, 2014 ME 154, ¶ 8, 108 A.3d 1254. As discussed above, other documents may be considered, as in this case.

i. Derivative vs. Direct Claims

Defendant argues that plaintiff's suit is improper because plaintiff's claims should have been brought as a derivative lawsuit on behalf of Trillium Place Builders, LLC not as a direct claim by plaintiff. Plaintiff is not required to bring this suit as a derivative action. Viewing the facts of the complaint as true, Trillium Place Builders, LLC is a "closely held limited liability company" within the definition of 31 M.R.S. § 1637(1) (2016). (Compl. ¶ 3.) Accordingly, plaintiff may bring this claim as a direct action rather than as a derivative action. See 31 M.R.S. § 1637(2) (2016) ("Except to the extent ordered by the court in an action under subsection 3, paragraph A,

3

sections 1632 to 1636 do not apply to a closely held limited liability company."). "Thus, in the case of a closely held LLC, section 1637(2) dispenses with all of the prerequisites for a derivative action set forth in sections 1632-36 unless specifically ordered by the court." Cianchette v. Cianchette, 2018 Me. Super. LEXIS 13, *34. Further, section 1637(3)(B) allows for a plaintiff to recover directly in a direct action claim based on the plaintiff's status as a member of the LLC. 31 M.R.S. § 1637(3)(B) (2016).

ii. Count I – Fraudulent Transfers Pursuant to the Uniform Fraudulent Transfer Act

In her complaint, plaintiff does not state whether she is a future or present creditor. She is limited, therefore, to 14 M.R.S. § 3575 for any potential recovery under the Uniform Fraudulent Transfer Act (UFTA). In order for a UFTA claim to survive a motion to dismiss, plaintiff must allege that: 1) plaintiff is a creditor; 2) defendant is a debtor; and 3) defendant made a transfer:

> A. With actual intent to hinder, delay or defraud any creditor of the debtor; or
> B. Without receiving a reasonably equivalent value in exchange for the transfer or obligations and the debtor:
>> (1) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>> (2) Intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as the debts became due.

14 M.R.S. § 3575 (2016). Under the UFTA, a creditor is "a person who has a claim" and a debtor is "a person who is liable for a claim." 14 M.R.S. § 3572(4) & (6) (2016). Plaintiff alleges that she has a claim against defendant Colucci because he transferred assets from the jointly owned Trillium Place Builders, LLC to a company owned solely by defendant Colucci, Trillium Builders, Inc. (Compl. ¶ 10.)

Because plaintiff has not alleged the required elements pursuant to section 3575(1)(B), she must allege with particularity that defendant had actual intent to "hinder, delay, or defraud" her. 14 M.R.S. § 3575(1)(A) (2016); M.R. Civ. P. 9(b). The main thrust of plaintiff's complaint is that

4

the alleged transfer was executed to reduce plaintiff's recovery in the current divorce proceeding. Transferring marital assets into nonmarital accounts, corporate entities, or partnerships during a divorce proceeding may constitute a fraudulent transfer under the UFTA. See Berntsen v. David L. Berntsen & Davis, 2016 Me. Super. LEXIS 12, *12-13 (finding that when defendant-spouse co-mingled marital assets with his live-in girlfriend after divorce proceedings began, plaintiff-spouse had stated a claim for a fraudulent transfer); Henderson v. Henderson, 2001 Me. Super. LEXIS 169, *3, (finding that transferring property to be held jointly by his mother and himself during a divorce to block plaintiff's access stated a claim for fraudulent transfer).

The transfers at issue in this case between Trillium Place Builders, LLC and Trillium Builders, Inc. occurred before the divorce proceeding began. (Compl. ¶ 10.) As the court noted in Berntsen, UFTA claims that are based on potential recovery in a divorce must be based on transfers that occurred after the divorce proceeding began. 2016 Me. Super. LEXIS 12, *7 (discussing the holding of Henderson, in which the court stated that a spouse can avoid fraudulent transfers of marital assets under the UTFA if the transfers of marital assets occurred after the initiation of a divorce action).

Further, the transfers in this case were from one marital asset to another. Both Trillium Place Builders, LLC and Trillium Builders, Inc. are listed as marital assets in the pending divorce proceeding, (Def.'s Ex. Financial Stmt., at 3), and will be disposed of in the divorce pursuant to 19-A M.R.S. § 953. If the court finds during the course of the divorce proceeding that shifting assets from one marital asset to another constituted economic misconduct by the defendant, the court may consider this as a factor when distributing the property. See Ahern v. Ahern, 2008 ME 1, ¶ 22, 938 A.2d 35. Accordingly, plaintiff's claim under the UFTA will be properly adjudicated in the divorce proceeding.

5

### iii. Count II – Violation of Fiduciary Duty

Defendant argues that plaintiff's complaint does not set forth the required elements to establish that defendant owed the plaintiff a fiduciary duty. To survive a motion to dismiss on this claim, a plaintiff must allege facts "with sufficient particularity to enable the court to determine whether, if true, such facts could give rise to a fiduciary relationship." Ramsey v. Baxter Title Co., 2012 ME 113, ¶ 6, 54 A.3d 710 (quotation marks omitted). Simply reciting the elements of a fiduciary relationship is not a substitute for alleging "the specific facts of a particular relationship." Id. Plaintiff has failed to allege such facts with specific particularity. (See e.g, Compl. ¶¶ 9, 17.)

### iv. Count III – Request for Recovery of Income from a Joint Tenant

Pursuant to 33 M.R.S. § 953, a plaintiff may bring an action to recover plaintiff's share of an income shared by joint tenants if plaintiff alleges that: 1) plaintiff and defendant are joint tenants, 2) defendant takes more than his share of the shared income, 3) plaintiff did not consent, and 4) defendant refuses to pay within a reasonable time after a demand. 33 M.R.S. § 953 (2016). Plaintiff does not allege that she was a joint tenant of income producing real property with any of the defendants.

### v. Count IV – Violation of the Maine Partnership Act

To allege the existence of a partnership between the plaintiff and the defendant, plaintiff must claim that she and defendant carried on as co-owners of a business for profit regardless of "whether or not the persons intend[ed] to form a partnership." 31 M.R.S. § 1022(1) (2016). In her complaint, plaintiff alleges that she and defendant Colucci were "equal shareholders and owners of Trillium Place Builders, LLC." (Compl. ¶ 3.) No other business venture between plaintiff and defendant Colucci is mentioned in the complaint. The LLC is not a partnership. See

6

31 M.R.S. § 1022(2) (2016) ("An association formed under a statute other than this chapter, a predecessor statute or a comparable statute of another jurisdiction is not a partnership under this chapter."). Duties owed to an LLC member/owner by a fellow LLC member/owner who manages the LLC are provided in 31 M.R.S. § 1559, not in the Maine Partnership Act, which governs partnerships. See 31 M.R.S. § 1521 (2016) ("[T]he limited liability company agreement governs relations among the members as members and between the members and the limited liability company. . . To the extent the limited liability company agreement does not otherwise provide for a matter . . . this chapter governs the matter.").

The entry is

> Defendant Motion to Dismiss is GRANTED. Counts I, II, III, and IV of Plaintiff's Complaint are dismissed.

Date:  December 20, 2018

Nancy Mills
Justice, Superior Court

Entered on the Docket: 12-20-18

7