**Jamilla EL–SHAFEI,**

v.

**Mohammed Nagi ELSHAFEI.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 6, 1994.

Decided Nov. 10, 1994.

Judy Potter, Cape Elizabeth, for plaintiff.

Martin Schindler, South Portland, for defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

LIPEZ, Justice.

Jamilla El–Shafei ("El–Shafei") appeals from an order of the Superior Court (Cumberland County, *Cleaves, J.*) providing that a guardian ad litem be paid directly from a child support arrearage and increasing the proportion of the arrearage for which El–Shafei is responsible. El–Shafei, *inter alia*, argues that the court erred when it addressed the issue of payment to the guardian ad litem without notice to the parties. She also contends the court improperly reallocated proportional responsibility for the debt between her and her ex-husband. We agree with El–Shafei's contentions and vacate the order of the Superior Court.

Jamilla El–Shafei and Mohammed Nagi Elshafei ("Mohammed")[1] were granted a divorce by the Superior Court (Cumberland County, *Cleaves, J.*) on December 26, 1989. They have one minor child, for whom a guardian ad litem was appointed on January 23, 1992 because of various post-divorce motions. By order of the court (*Goranites, J.*), the parties were to bear the expenses of the guardian in proportion to their income. Mohammed was ordered to make an initial payment to the guardian of $1,500.

On June 16, 1993, the Superior Court (*Cleaves, J.*) entered an interim order which provided that El–Shafei and Mohammed were to pay $1,000 and $3,000, respectively, to the guardian ad litem. The order reserved to the court the right to reallocate these payments at a later date.

In a hearing which took place on August 12, 1993, the parties addressed the issues of child support arrearage, medical expenses and day care expenses. Neither party raised the issue of payments to the guardian ad litem.

The court issued two orders subsequent to the hearing. The first order reiterated, *inter alia*, that the court retained the power to reallocate expenses for the guardian ad litem

between the parties. In the second order the court found that Mohammed experienced no substantial change in circumstances during a period of unemployment which would justify a modification of child support. It further found that he owed a child support arrearage of $5,840, as well as $688 in medical expenses, for a total of $6,528. Rather than ordering this sum paid directly to El–Shafei, the court ordered Mohammed to pay $2,060 directly to El–Shafei and $4,468 directly to the guardian ad litem as El–Shafei's share of her expenses.[2] By making such disposition of the arrearage, the court increased El–Shafei's share of the guardian ad litem bill from 25% to 50%.

*Notice of the Reallocation*

■ Although both parties had notice of the retention by the court of the power to reallocate responsibility for payments to the guardian ad litem, they had no notice that the court intended to exercise that power as part of the August 12, 1993 hearing. Moreover, neither party raised the issue of the reallocation at the hearing.

Proceedings for post-judgment relief in divorce cases incorporate the concepts of hearing and notice. M.R.Civ.P. 80. For example, no judgment, except for dismissal due to want of prosecution, may be entered in an action under the rule except after hearing. M.R.Civ.P. 80(f). Even a defendant failing to answer may still be heard on, *inter alia*, issues of alimony, support, and counsel fees upon filing a written appearance. *Id.*

A hearing is required before any final order modifying a judgment may be entered. M.R.Civ.P. 80(j)(2). In addition, M.R.Civ.P. 80(j)(1) incorporates the service of process requirements of Rule 4 as a means of ensuring notification. Clearly, the concepts of notice and hearing are central to M.R.Civ.P. 80.

The court should have notified the parties that it intended to consider reallocation of

---

1. Mohammed spells his last name differently from his ex-wife. We use his first name in the text only for the purpose of distinguishing between the parties.

2. The total debt to the guardian ad litem was $8,636. The parties mistakenly stipulated that

one half of $8,636 was $4,468, instead of $4,318. Regardless, as $4,468 is less than $5,840, the parties were justified in characterizing the payment to the guardian ad litem as a payment ordered by the court from the child support arrearage.

the guardian ad litem debt in its final disposition of the case, thereby permitting the parties to address the court on the issue. Failure of the court to provide such notice contravened Rule 80 and was an error of law.[3]

### The Reallocation

█ Issues relating to incidents of divorce, such as property division, alimony, custody and child support are within the sound discretion of the court. *Shirley v. Shirley*, 482 A.2d 845, 847 (Me.1984). "[A]s long as there is rational or credible support in the record for the divorce court's decision on these matters, the judgment will not be overturned on appeal." *Id.* at 848 (citing *Sheldon v. Sheldon*, 423 A.2d 943, 946 (Me.1980)).

█ El–Shafei testified that she had not been able to pay the guardian ad litem the $1,000 previously ordered by the court because she was a student and currently unemployed. She further testified that she had been forced to seek protection from the bankruptcy court in February 1993, and that the bankruptcy proceedings were ongoing at the time of the hearing.

Mohammed testified that he was employed at the time of the hearing. His testimony further revealed access to several sources of funds, and the court found that his financial stability during a previous period of unemployment precluded any finding of a change of circumstances justifying a reduction in his child support payments. On these facts, the court abused its discretion by increasing El–Shafei's proportional responsibility for the payments to the guardian ad litem.

The entry is:

That portion of the order reallocating payments to the guardian ad litem vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

3. El–Shafei also argues that the actions of the court relating to the child support arrearage were inappropriate because she was in bankruptcy and the arrearage was an asset of her estate. We need not reach this issue in light of our ruling with regard to M.R.Civ.P. 80.