1998 ME 32

**Timothy WILLIAMS**

v.

**Julianna WILLIAMS.**

Supreme Judicial Court of Maine.

Argued Jan. 6, 1998.

Decided Feb. 13, 1998.

Robert E. Sandy, Jr., (orally), Sherman & Sandy, Waterville, for plaintiff.

Joseph M. Jabar (orally), Daviau, Jabar & Batten, Waterville, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, LIPEZ, and SAUFLEY, JJ.

WATHEN, Chief Justice.

[¶ 1] Defendant Julianna Williams appeal from a judgment of the Superior Court (Kennebec County, *Alexander, J.*). On plaintiff Timothy Williams' appeal, the Superior Court vacated a divorce judgment entered in the District Court (Waterville, *O'Rourke, A.R.J.*) and remanded for further consideration of parental rights and economic issues. Julianna contends that the District Court judgment is free from error and should be affirmed. Agreeing in part, we vacate the judgment of the Superior Court and remand only with respect to a disputed savings account.

[¶ 2] The relevant facts may be briefly summarized as follows: The parties were married in 1990 and have one child, Timothy Williams, Jr. Divorce proceedings were commenced in September of 1994 and trial was held on two separate days in October and November of 1995. Judgment was not entered until eleven months after the trial concluded.[1] The evidence revealed that, although sober for over a year, Timothy has a history of alcohol abuse. He also admitted to experiencing difficulty with gambling. Julianna testified that she was aware of plaintiff's drinking problem prior to marrying him and that it continued on and off throughout the course of the marriage. She testified that on one occasion Timothy had physically abused her. Four professional witnesses provided somewhat mixed and conflicting assessments of the parties' parenting skills.

[¶ 3] Julianna presented evidence of the existence of a savings account in the name of Timothy, Jr. that she claimed as marital property. The account was derived from the proceeds of the sale of jointly-owned real estate that had been purchased with Timothy's nonmarital funds. Julianna testified that Timothy opened the bank account for their son because of "something about the interest occurred [sic] and him being under 18 or something, with [sic] tax purposes." Timothy denied that the account was marital property, but acknowledged that he was the trustee for his son. He testified that he had withdrawn almost $20,000 from the account in the three years preceding the trial and had used those funds to pay legal fees and other business and living expenses.

[¶ 4] When issued, the divorce judgment was accompanied by extensive findings of fact and included the provisions that are now the subject of this appeal: The award of sole parental rights and responsibilities to Julianna; the award of alimony to Julianna; and the division of the savings account as marital property.[2] On appeal by Timothy, the Superior Court concluded that the court had erred with regard to each of the foregoing provi-

sions and remanded for further proceedings. At the time of the remand, the trial judge had retired fully from the bench. Julianna ignored the remand and appealed to this Court.

[¶ 5] Initially, Julianna acknowledges that her appeal is interlocutory, but invokes the judicial economy exception to the final judgment rule. As a general proposition, a case is ripe for appellate review only when there is a final judgment. *See Rosenbery v. Taylor*, 685 A.2d 768, 769 (Me.1996). A judgment is final when the court's decision fully decides and disposes of the whole matter, leaving nothing further for the consideration and judgment of the trial court. *See In re Erica B.*, 520 A.2d 342, 343–44 (Me.1987). In recognition of the fact that the application of the final judgment rule is not always appropriate, we have recognized a few narrow, well-defined exceptions. *Rosenbery v. Taylor*, 685 A.2d 768, 769 (Me.1996).

[¶ 6] The judicial economy exception is implicated "when the interests of judicial economy dictate that the merits of the case should be addressed immediately." *Department of Human Servs. v. Lowatchie*, 569 A.2d 197, 199 (Me.1990). We apply this exception, however, only when the interests of justice require an immediate review of the non-final order and the review will "establish a final, or practically final, disposition of the entire litigation." *Id.*

[¶ 7] The present litigation has been subject to inordinate delay. The complaint for divorce was filed in August of 1994 and trial was held more than one year later. For reasons beyond the control of the parties, eleven months elapsed between the end of the trial and the court's judgment. The appeal to the Superior Court involved an additional five months, and resulted in a remand that imposes a new trial of the entire case before a different judge. Due to the unique circumstances of this case and because it is possible to finally resolve virtually every issue and avoid retrial, we accept this interloc-

---

1. The judge, serving in an active retired capacity, experienced health problems. The judge has since retired fully from the bench.

2. The court found that the $40,226 balance on deposit at the time of separation was marital

property. At the time of trial, the balance in the account was approximately $20,000. The court ordered Timothy to pay Julianna $17,713 as her share of the marital account.

utory appeal in the interest of judicial economy.

[¶ 8] The trial court has broad discretion in determining the custody of minor children. *See Gerber v. Peters*, 584 A.2d 605, 607 (Me. 1990). We review the court's award of parental rights and responsibilities for an abuse of discretion. *See El–Shafei v. Elshafei*, 649 A.2d 1106, 1108 (Me.1994). The court is required to apply the best interests of the child standard, 19–A M.R.S.A. § 1653(3) (Supp.1997), and may award "allocated," "shared," or "sole," parental rights and responsibilities. 19–A M.R.S.A. § 1501 (Supp. 1997). If the parents agree "to an award of shared parental rights and responsibilities ... the court shall make that award unless there is substantial evidence that it should not be ordered." 19–A M.R.S.A. § 1653(2)(A) (Supp.1997).

 [¶ 9] Both parties in the present case submitted proposed judgments that included a provision for shared parental rights and responsibilities. The court, however, awarded sole parental rights and responsibilities to Julianna. Contrary to Timothy's contention, however, the court relied on "substantial evidence" in making its determination. The court specifically found that Timothy was unstable, that he was uncooperative towards Julianna, that he had difficulty with drinking and gambling, and that he had been physically abusive. The court noted expert testimony that Timothy was overly dependent on others and would be an ineffective parent. Based on the evidence and its findings, the court did not abuse its discretion in awarding sole parental rights and responsibilities to Julianna.

[¶ 10] An award of alimony is controlled by the factors set forth in 19–A M.R.S.A. § 951(1)(A–O) (Supp.1997). These include the length of the marriage, the ability of each party to pay, employment history, income history, the parties' education, retirement provisions, tax consequences, economic misconduct, the health and disability of the parties and any other factor the court deems appropriate. *Id.* In its judgment, the court ordered Timothy to pay $200 monthly alimony for a period of two years and then $1 annually. We review this award for an abuse of discretion. *See Pongonis v. Pongonis*, 606 A.2d 1055, 1058 (Me.1992).

 [¶ 11] The court found that "as a result of Timothy's addiction to gambling and drinking, there was economic misconduct on the part of Timothy and this resulted in the consumption of considerable income during their marriage, resulting in the diminution of marital property or income." Furthermore, the court found that Timothy was in better financial condition than Julianna. Although his anticipated earnings for the tax year were roughly equivalent to Julianna's, Timothy owned nonmarital rental property and held a license to sell real estate. Again, we find no abuse of discretion.

[¶ 12] A major dispute between the parties was whether the savings account in the name of their son was marital or nonmarital property. The court ruled that the account was marital and ordered a division. The Superior Court, relying on *Dubord v. Dubord*, 579 A.2d 257 (Me.1990), ruled that the account was nonmarital because it could be traced to a nonmarital source. Defendant asks that we reinstate the trial court's ruling on the basis of our recent opinion in *Long v. Long*, 1997 ME 171, 697 A.2d 1317, overruling *Dubord*. Neither of the courts nor the parties attach any significance to the fact that the savings account stands in the name of the minor son. Although the issue has not been raised, we are compelled to consider the obvious interest of the minor son.

 [¶ 13] The Maine Uniform Transfers to Minor Act provides that when funds are deposited in an account in the name of the transferror, followed, in substance, by the words "as custodian for" a minor child, a custodial trust for the benefit of the minor is created. 33 M.R.S.A. § 1660(1)(B) (Supp. 1997). Here, the savings account contained the following designation: "Timothy J. Williams, Jr. BY Timothy J. Williams, Sr., Cust." The transfer of funds into such an account is irrevocable, and the custodial funds are indefeasibly vested in the minor. 33 M.R.S.A. § 1662(2) (Supp.1997). As custodian, plaintiff maintains certain rights and duties, 33 M.R.S.A. §§ 1663–1666 (Supp. 1997), but the account could not be used for his benefit except for reimbursement of reasonable expenses and compensation for services performed. 33 M.R.S.A. § 1666(1) & (2) (Supp.1997). Neither can the account be

distributed as the marital property of the parties. Accordingly, we vacate this provision in the court's divorce judgment and remand for further consideration of the legal status of the account.[3]

The entry is:

Judgment of the Superior Court vacated. Remanded with instructions to affirm the District Court judgment with the exception of the provision relating to the savings account, and to remand to the District Court for further proceedings consistent with the opinion herein.

---

**3.** On remand, the trial court may find it necessary to appoint a *guardian ad litem* for the minor child. If the account is finally determined to belong to the son, the award of marital property to Julianna must inevitably be reduced by $17,713. Such a significant change would ordinarily require reconsideration of all economic issues. In this case, however, there was no other significant marital property to be divided, nor was there sufficient income to support an increased award of alimony. If, in the final analysis, Timothy is liable for unauthorized expenditures from the son's account, and defendant is denied the marital award, the parties are left substantially in equipoise.