2002 ME 15

**MIDFIRST BANK**

v.

**Mary T. COTE et. al.**

Supreme Judicial Court of Maine.

Argued: Oct. 9, 2001.

Decided: Jan. 29, 2002.

---

Jerome J. Gamache, Esq. (orally), Paul E. Thelin, Esq., Ainsworth & Thelin, P.A., South Portland, for plaintiff.

Gregory O. McCulloch, Esq., Sanford, for defendants.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

DANA, J. ·

[¶ 1] Mary T. and Ricky J.R. Cote appeal from a decision of the Superior Court (York County, *Fritzsche, J.*) granting Midfirst Bank's motion for relief from a judgment of foreclosure and denying the Cotes' motion to enforce redemption. The Cotes contend that the appeal is reviewable under the judicial economy, death knell, and extraordinary circumstances exceptions to the final judgment rule; that the court exceeded its authority in granting the Rule 60(b)(1) motion; and that their right of redemption should be enforced. We agree with the bank that the appeal is interlocutory and does not fit within any of the exceptions of the final judgment rule, and we therefore dismiss the appeal.

[¶ 2] The bank filed a complaint for foreclosure against the Cotes alleging that their mortgage loan was in default and

they owed $48,300.71. The bank moved for a summary judgment, submitting a proposed judgment of foreclosure and order for sale. Following the Cotes' limited objection regarding the amount of attorney fees, the bank submitted a revised proposed judgment to which the Cotes did not object. The court signed the judgment on October 12, 2000, and it was entered the next day. The ninety-day redemption period established by 14 M.R.S.A. § 6322 (Supp.2001) would, therefore, expire on January 11, 2001.

[¶ 3] On December 29, 2000, the Cotes entered into a purchase and sale agreement with Robert and Jean Abbott in which the Cotes agreed to sell the foreclosed property to the Abbotts for the redemption amount. The day before the period of redemption expired, Midfirst informed the Cotes by faxed letter that it would discharge the mortgage if it received $90,451.32 by the end of the redemption period. On January 12, the Cotes sent a letter to the bank to "confirm that ... [the bank] has refused to accept tender of payment for the amount of the Revised Judgment of Foreclosure entered on October 13, 2000." According to the letter, the Abbotts were able to close on the last day of the redemption period. The Abbotts also faxed a letter to the bank indicating that the payoff amount was inaccurate, and requesting that the bank agree to an extension of the closing date.

[¶ 4] The bank moved for relief from the October 13 judgment pursuant to Rule 60 of the Maine Rules of Civil Procedure on the ground that the amount recorded in the judgment was inaccurate due to mistake, inadvertence, or excusable neglect on the bank's part. The Cotes filed an opposition to the motion and a motion to enforce the right of redemption pursuant to the judgment, to which the bank objected.

[¶ 5] The court vacated the judgment and denied the Cotes' motion to enforce the right of redemption. After the Cotes appealed, the bank moved to dismiss the appeal on the ground that the court's decision to set aside the judgment does not constitute a final judgment. After reviewing the memoranda of the parties, we ordered that the motion be briefed and considered in conjunction with the merits of the appeal.

▮ [¶ 6] Generally, "a grant of Rule 60(b) relief does not constitute a final judgment." *Couture v. Hollingsworth*, 464 A.2d 957, 958 (Me.1983). Exceptions to the final judgment rule have been allowed "where its application would not further its purpose," but those exceptions are " 'few, narrow and well-defined.' " *Dep't of Human Servs. v. Lowatchie*, 569 A.2d 197, 199 (Me.1990) (quoting *State v. Maine State Employees Ass'n*, 482 A.2d 461, 464 (Me. 1984)).

▮ [¶ 7] The judicial economy exception applies when a review of a nonfinal order can produce a final, or practically final, disposition of the entire litigation and the interests of justice require that we undertake immediate review. *Williams v. Williams*, 1998 ME 32, ¶ 6, 706 A.2d 1038, 1039. This exception does not apply in the present case because the Cotes dispute the accuracy of the bank's new statement of the amount due. Were we to review the interlocutory order, our decision might not finally dispose of the entire litigation because of this factual dispute. Moreover, the interests of justice do not require immediate review because the resolution of how much the Cotes owe might make the Cotes' appeal unnecessary.

▮ [¶ 8] The death knell exception applies when a party will irreparably lose substantial rights if review is delayed until the entry of a final judgment, and the

harms the party will suffer are imminent and concrete. *Morse Bros., Inc. v. Webster*, 2001 ME 70, ¶ 14, 772 A.2d 842, 847. This exception does not apply because the Cotes have not established what harm they will imminently suffer if we deny review at this time. They have failed to present evidence of any injury to themselves with regard to the purchase and sale agreement with the Abbotts, they will enjoy a new redemption period if a new judgment is entered, and they will have the opportunity to raise the issues they have briefed to us if they appeal from that final judgment.

[¶ 9] We permit additional exceptions to the final judgment rule only in extraordinary circumstances. *First Nat'l Bank of Boston v. City of Lewiston*, 617 A.2d 1029, 1030 (Me.1992). The present case does not involve extraordinary circumstances that justify an exception to the final judgment rule.

The entry is:

Appeal dismissed.