STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-05-025

LILY ANDREWS FAMILY LIMITED
PARTNERSHIP, et al.,

Plaintiffs

v.

**ORDER**

MERRILL ANDREWS, et al.,

Defendants

## BEFORE THE COURT

This case comes before the Court on Appellants the Lily Andrews Family Partnership's 76D Appeal of a District Court Order granting a stay of a forcible entry and detainer action.

## FACTUAL BACKGROUND

Merrill and Dennis Andrews Efstathiou were married in 1980. In 1986, the couple purchased property located at 48 Beach Street, Ogunquit, Maine. A few months later, at Dennis' request, Merrill and Dennis sold the property to the Aspinquid, Inc., a business owned by Dennis' family. Merrill claims that Dennis told her that the transfer of the property was "just on paper" and that they would get the property back. The couple and their three children lived on the property for approximately 20 years until Merrill and Dennis separated. Merrill continued to live at the property with her children. On or about July 6, 2004, Merrill filed for divorce. On August 25, 2004, Appellants served Merrill with a Notice to Quit. The District Court dismissed the Complaint for failure to comply with the notice provisions of the eviction statute. On

December 16, 2004, Appellants served Merrill with another Notice to Quit and filed an eviction action. In response, Merrill filed an Answer and a Claim of Title. On February 11, 2005, the Court ordered a short 45-day discovery period. Merrill subsequently filed a quiet title action in the York Superior Court, which included a claim for fraud against Dennis and the family business. Merrill also filed a Motion to Stay the forcible entry and detainer action in the District Court. On April 14, 2005, the District Court granted the motion staying the forcible entry and detainer action until "the issue of title is resolved in the Superior Court."

The sole issue is whether the Superior Court can entertain an appeal of an order to stay that is not the final judgment in the case.

## DISCUSSION

"Whenever a judgment of the District Court is by law reviewable by the Superior Court, an aggrieved party may appeal from a judgment[1] of the District Court to the Superior Court." M.R. Civ. P. 76D. However, all appeals are generally bound by the final judgment rule, which provides that appeals may only be taken from a final judgment. *Williams v. Williams*, 1998 ME 32, ¶ 5, 706 A.2d 1038, 1039. This principle applies to appeals from the District Court to the Superior Court. *State v. Regis Paper Co.*, 432 A.2d 383, 384 (Me. 1981). Specifically, the Law Court has held that an order staying a case is not a final judgment. *Camps Newfound/Owatonna Corp. v. Town of Harrison*, 1998 ME 20, ¶ 8, 705 A.2d 1109, 1115; *Xaphes v. Mowry*, 478 A.2d 299, 301 (Me. 1984).

In this case, Appellants are seeking to appeal a District Court order to stay an action. The Law Court has clearly held that an order to stay is not a final judgment, and therefore is not appealable. The entry will be as follows:

---

[1] A judgment is defined as an order from which an appeal lies. M.R. Civ. P. 54(a).

2

Appellants appeal is DENIED, and the District Court's Order of Stay affirmed.

Case remanded to District Court.

The clerk may incorporate this order in the docket by reference.

Dated:        December / , 2005

G. Arthur Brennan
Justice, Superior Court

Gregory J. Orso, Esq. - PLS
Michael J. Donlan, Esq. - DEFS

3