2009 ME 114

**OUELLET ASSOCIATES, INC.**

v.

**COASTAL REALTY GROUP, LLC et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Oct. 14, 2009.
Decided: Dec. 1, 2009.

Ronald P. Lebel, Esq., Kelly L. Turner, Esq., Skelton, Taintor & Abbott, Auburn, ME, for Ouellet Associates, Inc.

Gene R. Libby, Esq., Victoria A. Sarfo–Kantanka, Esq., Libby O'Brien Kingsley & Champion, LLC, Kennebunk, ME, for Coastal Realty Group, LLC and Sandra Ouellet.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

LEVY, J.

[¶ 1]   Ouellet Associates, Inc. (OAI) appeals from a judgment of the Superior Court (Cumberland County, *Cole, J.*) denying its motions for a temporary restraining order and a preliminary injunction against Coastal Realty Group, LLC (CRG) and its principal, Sandra Ouellet, in this civil trespass action.   OAI also challenges the court's decision to stay all further proceedings until the divorce between the husband and wife who control OAI and CRG has been finalized.   We dismiss the appeal as interlocutory.

## I.   BACKGROUND

[¶ 2]   OAI is a closely held corporation owned solely by Michel Ouellet.   OAI has rented space in a warehouse and office building in Brunswick from CRG, a limited liability company, since the buildings were constructed.   Sandra Ouellet is the sole owner of CRG. Michel and Sandra have been married since 1980, and are engaged in a divorce proceeding in the District Court (West Bath).

[¶ 3]   In November 2008, Sandra Ouellet, acting in her capacity as owner of CRG, removed personal property from the south bay of the warehouse that had been designated for the storage of Sandra and Michel's marital property.   One month later, without permission, Sandra entered a private meeting at OAI's office that she allegedly believed was open to the public.

In response to these incidents, OAI initiated this action in January 2009 and moved for a temporary restraining order and preliminary injunction to enjoin CRG and Sandra from accessing or using any portion of the premises that OAI rents from CRG.

[¶ 4] After a hearing, the court denied OAI's motions because it failed to establish sufficient evidence of irreparable injury. In announcing its decision, the court recognized that the divorce action in the District Court provided a more appropriate forum to resolve the dispute because OAI, a corporation, and CRG, a limited liability company, are Michel and Sandra's marital property. Consequently, the court stayed all further proceedings pending the entry of a final divorce judgment in the District Court. On appeal, OAI contends that the court: (1) erred in failing to find irreparable harm; and (2) abused its discretion in entering an indefinite stay of this action.

## II. DISCUSSION

[¶ 5] OAI acknowledges that there is no final judgment and that this appeal is interlocutory, but argues that the appeal meets the "death knell" exception to the final judgment rule. This exception permits judicial review "when failure to do so would preclude any effective review or would result in irreparable injury." *State v. Me. State Employees Assoc.*, 482 A.2d 461, 464 (Me.1984) (quoting *Sears, Roebuck, & Co. v. Mackey*, 351 U.S. 427, 441, 76 S.Ct. 895, 100 L.Ed. 1297 (1956)). The exception is only available, however, when the injury to the plaintiff's claimed right would otherwise be "imminent, concrete, and irreparable." *In re Bailey M.*, 2002 ME 12, ¶ 7, 788 A.2d 590, 594 (quoting *Morse Bros., Inc. v. Webster*, 2001 ME 70, ¶ 14, 772 A.2d 842, 847).

[¶ 6] Contrary to OAI'S contention, the death knell exception does not

apply to this interlocutory appeal because failure to undertake appellate review neither precludes effective review nor results in irreparable injury to OAI. OAI has access to adequate legal remedies in the related divorce action. The District Court has issued a preliminary injunction regarding marital property and preservation of personal property pursuant to 19–A M.R.S. § 903(1) (2008). The District Court also has the authority to determine the possession of the Ouellets' marital property pending a final decree under 19–A M.R.S. § 904(5) (2008). It may also consider any alleged misuse of the property or other financial misconduct when it determines a just division of Michel and Sandra's marital property. *See Ahern v. Ahern*, 2008 ME 1, ¶ 22, 938 A.2d 35, 41. The death knell exception does not apply because the alleged injuries to OAI may be fully addressed on both an interim and permanent basis in the District Court.

[¶ 7] Although we do not reach the merits, we do address whether this trespass case, filed in the Superior Court, and the Ouellets' divorce case, filed in the District Court, may be consolidated pursuant to M.R. Civ. P. 42(a). The rule states that "[w]hen actions involving a common question of law or fact are pending before the court, in the same county or division or a different county or division ... it may order all the actions consolidated." In entering its stay of this action, the Superior Court expressed concern as to whether the rules authorize the court to remand or transfer the case to the District Court so that this case and the divorce could be addressed together in a single proceeding. We address this question as a matter of judicial economy.

[¶ 8] Because these closely connected cases do involve common questions of law and fact, they may be subject to consolida-

tion. If the Superior Court orders their consolidation, both cases may be decided in a single proceeding by a Superior Court justice or District Court judge, because the justices and judges of the two trial courts are authorized to sit by designation over matters arising in the other trial court. *See* 4 M.R.S. § 157–C (2008) (authorizing District Court Judges to sit in the Superior Court); 4 M.R.S. § 121 (2008) (authorizing Superior Court Justices to sit in the District Court).

The entry is:

Appeal dismissed.